# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Dominique Henderson, *individually and as Mother and Next Friend of A.H., a Minor,* | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| Dekalb Community Unit School District 428;<br>  Jamie Craven, *individually and as agent*;<br>  Cristy Meyer, *individually and as agent*;<br>  Tim Vincent, *individually and as agent*;<br>  Brant Boyer, *individually and as agent*;<br>  John Panek, *individually and as agent*;<br>  Amanda Baum, *individually and as agent*;<br>  Jennie Gammelsgaard, *individually and as agent*; Kyle Gerdes, *individually and as agent*; Sharon Carani, *individually and as agent*; and Doe Bus Driver, *individually and as agent of Dekalb Community Unit School District 428*, | )<br>)<br>)  Case No. 3:20-cv-50124<br>)<br>)  Honorable Iain D. Johnston<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Dominique Henderson brings this case on behalf of her son A.H., a former student at Clinton Rosette Middle School, in Dekalb Community Unit School District 428 ("District 428"). A.H. was allegedly subjected to constant bullying by other students during the 2018-2019 school year, culminating in an attack in spring 2019 that caused him physical injury. Henderson alleges she was forced to move to a different school district because the staff and administration in District 428 failed to protect A.H. from the bullying and showed deliberate indifference towards the widespread custom of bullying in the school. Henderson brought claims against District 428 and various staff and administrators (collectively, "District 428" or

1

"Defendants") for willful and wanton conduct, intentional infliction of emotional distress, indemnification under the Illinois Family Expense Act, Section 1983 substantive due process, and *Monell*. Henderson filed an amended complaint, dkt. 15, and District 428 answered, dkt. 20. After some written discovery, District 428 moved for judgment on the pleadings with respect to Counts VI (*Monell*) and VII (substantive due process), raising the same arguments made in the pending motion. Dkt. 32. Henderson filed a second amended complaint, which is the operative complaint here. Dkt. 43. District 428 then moved to dismiss for failure to state a claim based on the failure to plead a constitutional violation. Dkt 45. The Court grants Defendants' motion to dismiss and denies Plaintiff's request for leave to file a third amended complaint.

## I.  ALLEGED MISCONDUCT

Henderson alleges that her son A.H. was a target of bullying by other students at Clinton Rosette Middle School, and that faculty and staff were made aware of this conduct and did nothing to stop it. Dkt. 43, ¶ 25-27. Specifically, Henderson alleges that A.H. was bullied (1) on the playground, (2) during the lunch hour, (3) during third block class (August 15, 2018), (4) in the school hallway after school (August 24, 2018), (5) on the school bus (March 1, 2019), and that (6) he was attacked when he got off the school bus (March 1, 2019), and (7) his headphones were broken by one of his peers. *Id.* at ¶¶ 6-7, 28. Before the incident on March 1, 2019, Henderson met with school administration and staff multiple times regarding the bullying that A.H. was experiencing. *Id.* at ¶ 31. Henderson claims that the ongoing bullying caused A.H. physical harm, educational and social setbacks, and emotional distress. *Id.* at ¶ 39. As a result of all this, Henderson alleges she was "forced to move to another school district to ensure the safety of her son." *Id.* ¶ 8.

## II. LEGAL STANDARD

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the non-moving party, accept as true all well-pleaded facts, and draw all reasonable inferences in favor of the non-moving party. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). To survive Defendants' motion to dismiss, the complaint must state a claim "that is plausible on its face." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This factual content must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Generally, this Court's consideration is limited to the pleadings, any attached documents which are central to the complaint and referred to within, and facts subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). But, sometimes, courts allow parties to add facts consistent with their pleaded claims, but not new claims, in their response briefs to motions to dismiss. *Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). The *Twombly* and *Iqbal* pleading standard equally applies to *Monell* claims. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## III. ANALYSIS

For a local governmental body, like a school district, to be liable under *Monell*, a plaintiff must plausibly allege an underlying constitutional injury and plausibly allege that the defendant's policy, custom, or practice both "causes" and "is the moving force behind" that constitutional injury. *Wilson v. Cook County*, 742 F.3d 775, 779 (7th Cir. 2014); *Thomas v. Cook County*

*Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2009). Because a *Monell* claim cannot exist without a constitutional injury, the Court will first address the constitutional injury alleged: substantive due process violation under 42 U.S.C. § 1983. If there is no constitutional injury, the *Monell* claim cannot survive. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

### A. Count VII: Section 1983 Substantive Due Process

Section 1983 "provides a remedy for violations of federal rights committed by persons acting under the color of state law." *First Midwest Bank*, 988 F.3d at 986. Thus, a § 1983 claim requires that a constitutional injury exists. The Due Process Clause of the Fourteenth Amendment "is a restraint upon *governmental* action . . . [and] does not impose a duty on the state to protect against injuries inflicted by private actors." *First Midwest Bank v. City of Chicago*, 988 F.3d 978, 987 (7th Cir. 2021) (emphasis in original). Its purpose is "to protect the people from the State, not to ensure that the State protect[s] them from each other." *DeShaney v. Winnebago Cty. Dep't of Soc. Svcs.*, 489 U.S. 189, 196 (1989). "The state does not have a due-process duty to protect against acts of private violence." *First Midwest Bank*, 988 F.3d at 987. A narrow exception to the rule in *DeShaney* applies when the state-created the danger. *See Doe v. Village of Arlington Heights*, 782 F.3d 911, 916 (7th Cir. 2015) (granting Rule 12(b)(6) motion to dismiss claim of state-created danger). Under the state-created danger exception, "a plaintiff must show that the state affirmatively placed him in a position of danger and that the state's failure to protect him from that danger was the proximate cause of his injury." *First Midwest Bank,* 988 F.3d at 988 (citing *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). This must be a "foreseeable type of risk to a foreseeable class of persons," not a "generalized risk of indefinite duration and degree." *Id.* at 989. "Only the most egregious official conduct will satisfy this stringent inquiry." *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d

4

647, 654 (7th Cir. 2011). The rule of *DeShaney* cannot be circumvented by broadly interpreting what is meant by "increase" so as to erase the distinction between endangering and failing to protect. *Doe*, 782 F.3d at 917. "Increasing danger" means the state did something that turned a potential danger into an actual one, not that the state merely stood by and did nothing to prevent private violence. *Id.*

Henderson alleges that District 428 has no "bullying policy" to discuss with students and parents. Dkt. 43, ¶ 83. She alleges that A.H. was bullied and suffered injuries as a result, and that neither the school nor District 428 did anything to protect A.H. Henderson further alleges that this amounts to "deliberate indifference" and "reveal[s] an obvious need for training [sic] bullying, discipline, reporting obligations, and supervision." *Id.* at ¶ 84. In support of Count VII, Henderson further uses all the buzz phrases relating to a substantive due process claim:

"so egregious it rises to the level of conscious-shocking [sic]," *id.* at ¶ 80;

the "proximate cause" of A.H.'s injury, *id.*;

"arbitrary and capricious," *id.* at ¶ 81;

"not rationally related to any legitimate interest," *id.*;

"deliberate and intentional," *id.* at ¶ 85; and

with "deliberate indifference to and/or reckless disregard for" A.H.'s rights, *id.* at ¶ 86.

But the Second Amended Complaint fatally fails to include any factual allegations showing that Defendants *created* or *increased* the danger to A.H. The entire gravamen of the pleading is the various Defendants' failures to act. Dkt. 43, at 2 ("staff failed to address the bullying issue"), 3 ("no action taken"), 8 ("failed to take action to stop it"), 9 ("In fact, Defendants [sic] actions of continuing to place A.H. in the same classroom and on the same lunch period of those bullying him, after being made aware of the bullying he was experiencing, was egregious and increased

5

the danger to A.A., causing injury to him."), 10 ("too no action"), 17 ("the actions of Defendants resulted from, and were taken, pursuant to a *de facto policy* and widespread custom of not preventing, investigation, and properly disciplining incidents of bullying."). And the only remote attempt to plead some manner of increasing danger simply avers that danger was increased by failing to take actions. This is precisely the type of attempt the Seventh Circuit has repeatedly rejected. *See Doe*, 782 F.3d at 917. Maintaining the *status quo* does not create or increase danger. *Dodd v*. Jones, 623 F.3d 563, 568 (8th Cir. 2010); *Bukowski v. City of Akron*, 326 F.3d 702, 709 (6th Cir. 2003).

Although this Court is sympathetic to Henderson's concerning allegations of school-sanctioned bullying and student-on-student violence, *DeShaney* controls the analysis. The Fourteenth Amendment only protects A.H. from Defendants' own actions, not from the actions of another student. Henderson argues that the state-created danger exception applies, but the Court disagrees. Her allegations attempt to cast as affirmative actions the *inactions* of Defendants. A.H. was in the same classroom, on the same lunch period, and on the same school bus as those who bullied him. That he was "affirmatively" placed there at the beginning of the term does not satisfy the requirement that the government actors create or increase the danger. On the face of the Second Amended Complaint, Defendants merely maintained a risk of private harm. They did not increase it, despite Henderson's use of that word throughout.

In an effort to plead affirmative actions that increased the danger to A.H., Henderson's brief in response to the motion to dismiss appears to attempt to add allegations beyond those in the Second Amended Complaint. Dkt. 49, at 3. But these efforts are unavailing as they suffer the same fatal defect; namely, they specifically allege no change in circumstances that increased the danger to A.H: "Defendants increased danger to A.H. by placing him *in the same classroom* of

6

those known to consistently bully him; Defendants increased the danger to A.H. by putting him *in one [sic] the same lunch period* as those known to consistently bully him." Dkt. 49, at 3 (emphasis added). Again, failing to prevent the harm is simply not the same as creating or increasing the risk of harm, which is a fundamental requirement for this type of substantive due process claim. *Doe*, 782 F.3d at 917.

Courts have consistently held that "a school's failure to prevent student-on-student harassment, assault, and bullying is not a state-created danger." *Brookman v. Reed-Custer Cmty. Unit, Sch. Dist. 255-U*, No. 18- cv-7836, 2019 U.S. Dist. LEXIS 166956, at *19 (N.D. Ill. Sep. 27, 2019) (collecting cases); *see also First Midwest Bank*, 988 F.3d at 990 (collecting local cases). All other federal circuit courts interpret *DeShaney* in this way. *First Midwest Bank*, 988 F.3d at 990 (collecting circuit cases).

Thus, Henderson has not plausibly alleged a constitutional injury because the alleged conduct does not support a reasonable inference that the state created the danger, and the Fourteenth Amendment does not protect individuals against private violence.

### B. Count VI: *Monell* Claim

"A municipality is a 'person' under § 1983 and may be held liable for its own violations of the federal Constitution and laws." *First Midwest Bank*, 988 F.3d at 986 (quoting *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 690-91 (1978)). In the Seventh Circuit, municipal liability under § 1983 is limited to when three situations exist:

(1) an express policy that causes a constitutional deprivation when enforced;

(2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or

(3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019) (quotation marks omitted). *Monell* imposes a high bar for liability; the municipality's action must have been taken with "deliberate indifference" to one's constitutional rights *and* must have been the "moving force" behind the constitutional violation. *First Midwest Bank*, 988 F.3d at 987. Both are necessary. *Id.*

This Court's analysis of the *Monell* claim need not go any further. There must be a constitutional injury before the court can undertake a municipal liability analysis. The only constitutional violation alleged by Henderson is a Fourteenth Amendment deprivation of rights, which this Court dismissed above. *See supra*, Section III.A. Therefore, because there was no underlying constitutional violation, there can be no municipal liability. *Sallenger v. City of Springfield*, 630 F.3d 499, 505 (7th Cir. 2010) ("Accordingly, because there is no underlying constitutional violation, the City cannot be liable under *Monell*."). Henderson's claim under *Monell* is dismissed.

**C. Counts I – V: Supplemental State Law Claims**

Henderson's first five counts allege claims arising under the laws of the State of Illinois. This Court's jurisdiction over these state-law claims is supplemental because Counts VI and VII were brought under its original jurisdiction in 28 U.S.C. § 1331. But supplemental jurisdiction over state-law claims is discretionary when a federal court no longer retains its original jurisdiction, as is the case here. Thus, the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. §1367(c)(3) and dismisses without prejudice Counts I through V for lack of subject-matter jurisdiction. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (presumption against retaining jurisdiction when federal claims are dismissed).

\* \* \*

In response to the motion to dismiss, Henderson requests leave to file a third amended complaint. That request is denied for two reasons. First, Henderson had multiple opportunities to amend, including with the benefit of discovery, after having already been confronted with these same arguments. Dkt. 32. *See Adams v. City of Indianapolis*, 742 F.3d 720, 724 (7th Cir. 2014) (plaintiff already given opportunity to amend). Second, Henderson's request was not made by way of a separate motion under Rule 15 but was merely incorporated into a response brief and without attaching the proposed amended pleading that would have allegedly cured the defects. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006); *Dynasty Int'l LLC v. Lexington Ins. Co.*, Case No. 2:15-CV-374 JD, 2016 U.S. Dist. LEXIS 78443, at *15 (N.D. Ind. June 16, 2016) ("A motion to amend a complaint, however, must be filed separately, rather than incorporated into a response to a motion to dismiss."); *see also* Fed. R. Civ. P. 7(b).

## IV. CONCLUSION

For the above reasons, Defendants' motion to dismiss for failure to state a claim [45] is granted. Henderson's request for leave to file a third amended complaint [49] is denied. All counts are dismissed. Counts VI and VII are dismissed with prejudice. The remaining counts are dismissed without prejudice. This case is terminated.

Date issued: June 30, 2021     By: _____
IAIN D. JOHNSTON
United States District Judge